USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISABEL GARRIDO,

                Plaintiff,

v.

RACHELLE KLAINBERG,

                Defendant.

No. 16-CV-9464 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Isabel Garrido filed this action against Defendants New York City Department of Education (the "DOE") and Rachelle Klainberg, alleging claims for discrimination under 42 U.S.C. §§ 1981 and 1983 and the New York City Human Rights Law ("NYCHRL"). Plaintiff's claims were dismissed with prejudice as to the DOE on March 20, 2019. *See* Dkt. 44. Now before the Court is Plaintiff's motion for default judgment against Defendant Klainberg, and Defendant Klainberg's cross-motion to set aside the default and to dismiss the amended complaint. For the reasons that follow, Plaintiff's motion is denied and Defendant's motion is granted.

## BACKGROUND

### I. Facts

The Court assumes familiarity with the underlying facts of this case, which have been detailed in two prior Court opinions. *See* March 20, 2019 Memorandum and Order, Dkt. 44 ("2019 Opinion"); March 15, 2018 Memorandum and Order, Dkt. 22 ("2018 Opinion"). The Court therefore includes only those facts necessary to resolve the instant motions.[1]

---

[1] These facts are drawn from Plaintiff's Amended Complaint, Dkt. 32 ("Compl."), the exhibits attached thereto, and the present motions and supporting papers, and are assumed to be true for the purpose of the pending motions. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

Plaintiff is a black Hispanic female who was employed by the DOE as a "regular Educational Paraprofessional" assigned to "P226M," a school located in Manhattan, New York. Compl. ¶¶ 6, 8. Defendant Klainberg was the Principal of P226M at all relevant times, *id.* ¶ 11, and is now a Deputy Superintendent for the DOE, *see* Klainberg Decl., Dkt. 62 Ex. A, ¶ 4.[2] Plaintiff asserts that on October 28, 2014, Jennifer Johnson, a white female teacher at P226M, "falsely reported" to Klainberg that Plaintiff had "used corporal punishment on a student at P226M during Ms. Johnson's Math class on October 28, 2014." Compl. ¶¶ 13, 26. According to Plaintiff, Klainberg conducted an investigation into the allegation, and during the pendency of that investigation, suspended Plaintiff without pay, effective October 29, 2014, thereby cancelling her health insurance coverage. *Id.* ¶¶ 38-39, 54. On December 3, 2014, following the investigation, Klainberg found that Plaintiff had "in fact used corporate punishment on the alleged student victim," and converted Plaintiff's suspension without pay into a termination. *Id.* ¶ 42. Plaintiff asserts that Klainberg cited the "egregiousness" of Plaintiff's conduct in doing so. *Id.* Plaintiff also claims that Klainberg, as the principal, had the authority to "terminate the employment of a paraprofessional within DOE if she decide[d] that termination [was] warranted." *Id.* ¶ 55.

Plaintiff alleges that Klainberg "has a reputation at P226M of treating staff who are persons of color (minorities) with less respect and more harshly than she treated the Caucasian staff under her." *Id.* ¶ 56. She asserts that, while the investigation into her alleged use of corporal punishment was ongoing, another teacher at P226M—Igor Kocherov, a white male "substitute Educational Paraprofessional"—was also accused of using corporal punishment on a student. *Id.* ¶¶ 60-61. Plaintiff contends that Klainberg was aware of Kocherov's alleged use of corporal punishment, *id.* ¶ 62, but that Klainberg did not suspend Kocherov without pay pending an investigation, *id.* ¶ 60,

---

[2] Klainberg became a Deputy Superintendent for the DOE in October 2016. Klainberg Decl. ¶ 4.

conduct "any serious investigation" into the allegation against Kocherov, *id.* ¶ 73, or ultimately terminate him, *id.* ¶ 74. Plaintiff states that Klainberg's "different treatment of the allegation of corporal punishment against Mr. Kocherov and the allegation of corporal punishment against [Plaintiff] is at least racially motivated in part." *Id.* ¶ 63. According to Plaintiff, "the reason Klainberg handled Mr. Kocherov's corporal punishment allegation differently and treated Mr. Kocherov better than [she] was treated is because, unlike Mr. Kocherov, [Plaintiff] is a Black Hispanic." *Id.* ¶ 77.

## II. Procedural History

Plaintiff initially filed this action on December 8, 2016. Dkt. 1. On March 15, 2018, Judge Batts granted the DOE's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), and granted Plaintiff leave to amend. Dkt. 22. In that opinion, Judge Batts noted that Klainberg had not yet appeared in the action or responded to the complaint. *Id.* at 1 n.1. Plaintiff filed the operative amended complaint in this action on May 12, 2018. Dkt. 32.[3] On March 20, 2019, Judge Batts granted the DOE's motion to dismiss the amended complaint, and dismissed Plaintiff's claims as to the DOE with prejudice. Dkt. 44. Judge Batts again noted that Klainberg had not yet appeared in the action or responded to the amended complaint, *id.* at 1 n.1, and ordered Plaintiff to move for a default judgment against Klainberg within 15 days of that order, *id.* at 12. Plaintiff was cautioned that if she did not move for a default judgment within 15 days, her claims against Klainberg would be dismissed in their entirety with prejudice. *Id.*

Plaintiff filed a motion for default judgment on March 30, 2019, Dkt. 45, but because she did not first obtain a Certificate of Default from the Clerk of Court or file her motion in accordance with the Court's Electronic Filing Rules, Judge Batts terminated that motion on April 16, 2019,

---

[3] Plaintiff filed several versions of the amended complaint between March 29, 2018 and May 2, 2018, which were technically deficient and therefore repeatedly rejected from ECF. *See* Dkts. 25, 27, 29.

3

Dkt. 49. On July 12, 2019, the Clerk of Court issued a Certificate of Default as to Klainberg. Dkt. 57. Plaintiff then filed her pending motion for default judgment that same day. Dkt. 58. On July 25, 2019, Corporation Counsel of the City of New York, representing Klainberg for the limited purpose of challenging Plaintiff's motion, filed a cross-motion to set aside the default and to dismiss the claims against Klainberg. Dkt. 61. Plaintiff filed her opposition to Klainberg's cross-motion and in further support of her motion for default judgment on August 19, 2019. Dkt. 64. Klainberg filed her reply in support of her cross-motion on August 22, 2019. Dkt. 65.

### III. Service of Process as to Defendant Klainberg

On February 28, 2017, Plaintiff filed certificates of service, indicating that the DOE was served with the summons and complaint on January 5, 2017, Dkt. 16, and that Klainberg was served with the summons and complaint on January 13, 2017, Dkt. 15.[4] Although the certificate of service filed at Dkt. 15 indicates that Klainberg was personally served at the DOE's office at 400 First Avenue, New York, New York 10010, the additional information included at the bottom of that document states that Klainberg was purportedly served by delivering the summons and complaint to Helen Kaufman, a "Supervisor," who apparently advised the process server that she was "authorized to accept[] legal papers for and on behalf of Rachelle Klainberg." Dkt. 15. Klainberg asserts that she never authorized Kaufman, or any other colleague, to accept service of process on her behalf, and that she never received a copy of the complaint from Kaufman. Klainberg Decl. ¶¶ 7-8.

On July 11, 2019, Plaintiff's counsel filed another certificate of service stating that, on March 29, 2018, he served the amended complaint on Klainberg "by depositing a copy of [the amended complaint] enclosed in a post-paid, properly addressed wrapper, in a post officer under

---

[4] Dkt. 15 and Dkt. 17 appear to be identical certificates of service, and the Court therefore only refers to Dkt. 15.

4

the exclusive care and custody of the U.S. Postal Service within the State of New York." Dkt. 52. Plaintiff's counsel stated that the amended complaint was sent to Klainberg at "New York City Department of Education, Tweed Courthouse, 52 Chambers Street, New York, New York 10007." *Id.* Klainberg asserts that she does not have an office or a mailbox at the Tweed Courthouse, and that she has "never been assigned to work at that building." Klainberg Decl. ¶¶ 6, 10. Klainberg asserts further that she never received a copy of the complaint or the amended complaint in the mail, and that no one from the DOE ever gave her a copy of either the complaint or the amended complaint. *Id.* ¶¶ 11-12.

## DISCUSSION

### I. Plaintiff's Motion for Default Judgment and Klainberg's Cross-Motion to Set Aside the Default

Under Federal Rule of Civil Procedure 55, a court may, on a plaintiff's motion, enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. Fed. R. Civ. P. 55(a)-(b). In particular, "the court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Under Federal Rule of Civil Procedure 55(c), however, the court may set aside an entry of default for good cause. To determine whether there is "good cause" to set aside a default, courts consider: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id.* at 186 (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)). A motion to set aside a default is "addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Moreover, the Second Circuit has "expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks and citation omitted); *see also Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.") (collecting cases). It is well established in the Second Circuit that "good cause" should be "construed generously" since "defaults are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Green*, 420 F.3d at 104.

Klainberg argues that Plaintiff's motion for default judgment should be denied because Plaintiff failed to properly effect service on Klainberg, and this Court therefore lacks jurisdiction over her. *See* Klainberg Mot., Dkt. 63, at 8-16. The Court agrees. It is axiomatic that "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (quoting *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007)); *see also RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17-CV-1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) ("A court may not properly enter a default judgment unless it has jurisdiction over the person o[r] the party against whom the judgment is sought, which also means that he must have been effectively served with process.") (citation omitted); *Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00-cv-2389, 01-cv-1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.") (internal

6

quotation marks and citation omitted). Plaintiff has the burden of proving that service was adequate. *Alsaud*, 12 F. Supp. 3d at 687; *Aspex Eyewear*, 2005 WL 3501900, at *1.

Plaintiff has failed to satisfy her burden here. She asserts merely that Klainberg was "duly served" with the summons and complaint on January 13, 2017, citing the certificates of service at Dkt. 15 and Dkt. 17. *See* Pl. Mot., Dkt. 60, at 2; *see also* Pl. Reply, Dkt. 64, at 2; Okoli Decl., Dkt. 59, ¶ 6. She does not, however, identify which Federal Rules of Civil Procedure or sections of the New York CPLR she relies on to support her assertion. Nor does she explain how, under either federal or state law, service was proper. Although the box for personal service is checked on Dkt. 15, it appears that this is an error, as Klainberg was not actually "personally served." Klainberg has declared as much, under penalty of perjury, *see* Klainberg Decl. ¶¶ 7, 11, and indeed, the very face of the document confirms that service was made on one of Klainberg's colleagues, and not Klainberg herself. The certificate of service also does not indicate that Kaufman, the colleague who apparently accepted service for Klainberg, was authorized to do so, or that the summons and complaint was mailed to Klainberg, as required under state law. *See* N.Y. CPLR § 308(2); *see also Phillip v. City of New York*, No. 09 Civ. 442, 2012 WL 1598082, at *2 (E.D.N.Y. May 7, 2012) ("The federal rules do not permit non-personal service at an individual's place of business."). In light of the Second Circuit's "strong preference for resolving disputes on the merits," *Green*, 420 F.3d at 104, and Plaintiff's failure to establish that Klainberg was properly served in this action, Plaintiff's motion for default judgment is denied.[5] For this same reason, Klainberg's motion to set aside the default is granted. *See Crawford v. U.S. Sec. Assocs.*, No. 19

---

[5] Plaintiff also contends that Klainberg was served with the amended complaint even though Plaintiff was "not required by the rules" to serve the amended complaint on Klainberg because, according to Plaintiff, Klainberg had already defaulted. *See* Pl. Mot. at 2; Okoli Decl. ¶ 10. The Court disagrees. While it is true that, pursuant to Fed. R. Civ. P. 5(a)(2), no service is required on a party found to be in default, at the time the amended complaint in this action was filed, there was no finding of default as to Klainberg. For this reason, among others, Plaintiff was required to served Klainberg with the amended complaint.

7

Civ. 105 (PGG) (RWL), 2020 WL 61171, at *4 (S.D.N.Y. Jan. 6, 2020) ("Numerous courts have ruled that ineffective service of process, standing alone, satisfies the 'good cause' requirement of Rule 55(c), warranting vacatur of an entry of default.") (internal quotation marks and citations omitted).[6]

## II. Klainberg's Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

---

[6] While Klainberg sets forth several arguments as to Plaintiff's failure to properly serve her, *see* Klainberg Mot. at 8-16, on reply, Plaintiff merely requests—for the first time—that the Court hold a traverse hearing. As an initial matter, a court generally "should not consider arguments that are raised for the first time in a reply brief." *Mateo v. Bristow*, No. 12 Civ. 5052 (RJS), 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) (internal quotation marks omitted) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 n.5 (2d Cir. 2006)). Based on numerous filings by the DOE in this action, Plaintiff was well aware that service as to Klainberg may be contested. *See, e.g.*, Dkts. 10 at 2, 12 at 1 n.1, 13 at 1 n.1, 14 at 1 n.1, 33 at 1, 38 at 1 n.1, 40 at 1 n.1. Plaintiff nonetheless failed to put forth any argument or evidence as to the issue of service, either in her motion for default judgment or on reply. Rather than address any of the arguments asserted in Klainberg's cross-motion, Plaintiff makes only a belated request for a hearing. In any event, a traverse hearing is not required here "since the manner in which service was effectuated is undisputed." *Wilson v. WalMart Store, Inc.*, No. 15-CV-4283 (JS) (GRB), 2016 WL 11481723, at *2 n.1 (E.D.N.Y. Aug. 22, 2016), *report and recommendation adopted sub nom. Wilson v. Walmart Stores, Inc.*, No. 15-CV-4283 (JS) (GRB), 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016); *see also Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (explaining that courts have "considerable procedural leeway" in deciding how to address allegations of improper service and "may determine the motion on the basis of affidavits alone or "*may* conduct an evidentiary hearing on the merits of the motion") (emphasis added). Klainberg does not dispute that the complaint was delivered to Kaufman or that the amended complaint was mailed to the Tweed Courthouse. Klainberg instead rightly asserts that neither action constitutes proper service under the applicable rules. A traverse hearing is therefore not necessary. And, as discussed further below, because the Court has previously concluded that Plaintiff's amended complaint fails to plausibly allege claims for discrimination, *see* 2019 Opinion at 10, a traverse hearing would be futile under the circumstances present here.

In dismissing the amended complaint as to the DOE, the Court specifically concluded that "Plaintiff has failed to allege facts providing even minimal support for the proposition that Klainberg suspended and terminated Plaintiff due to her race or national origin." *See* 2019 Opinion at 10; *see also id.* at 7 ("The [Amended Complaint], like the Complaint, does not provide even minimal support for the proposition that Plaintiff was suspended and terminated due to her race or national origin."). The Court also found that Plaintiff and Kocherov are not "similarly situated" for purposes of her discrimination claims, *see* 2019 Opinion at 8-9, and that Plaintiff has not alleged "any other examples where Klainberg has suspended or terminated a comparable employee due to his or her race or national-origin," *id.* at 10. The Court determined that "even if Klainberg was the final policymaker, Plaintiff has not adequately alleged that Klainberg routinely suspends and terminated employees based on their race or national-origin," and Plaintiff therefore failed to allege "a discriminatory municipal policy based on Klainberg's actions." *Id.* at 10. This Court agrees with the 2019 Opinion, and concludes that the amended complaint fails to plausibly allege that Plaintiff was suspended or terminated due to her race or national origin.[7] Indeed, Plaintiff's own subjective belief as to why she was suspended or terminated is insufficient to state a claim for discrimination. *See Idlisan v. N.Y.C. Health & Hosps. Corp.*, No. 12 Civ. 9163 (PAE), 2013 WL 6049076, at *5 (S.D.N.Y. Nov. 15, 2013) (dismissing discrimination claim where complaint merely "expresses [plaintiff's] own personal belief, in a conclusory manner, that [the adverse employment action] was based on his [protected characteristic]"). Klainberg's motion to dismiss Plaintiff's claims is therefore granted.

---

[7] The Court also notes that the law of the case doctrine, which generally requires courts to adhere to their prior decisions "in subsequent stages in the same case," *see Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (citation omitted), further bolsters this conclusion.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is denied and Defendant's motion to set aside the default is granted. Defendant's motion to dismiss is also granted. Plaintiff's claims against Klainberg are dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 58 and 61, and close this case.

SO ORDERED.

Dated: March 6, 2020
       New York, New York

Ronnie Abrams
United States District Judge